# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE CATALANO, KAREN RADFORD, CHRISTY DERINGER, TOMOKO NAKANISHI, VERONICA PEREYRA, ROBERTA SINICO, BARBARA SPEAKS, and EDMOND DIXON, individually on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs*, <br><br> *v.* <br><br> LYONS MAGNUS, LLC and TRU ASEPTICS, LLC <br><br> *Defendants*. | Case No. 7:22-cv-06867-KMK <br><br> **ANSWER OF DEFENDANTS LYONS MAGNUS, LLC and TRU ASEPTICS, LLC TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT** |

Defendants Lyons Magnus, LLC and TRU Aseptics, LLC ("Defendants"), by and through their undersigned counsel, state the following for their Answer to the Second Amended Class Action Complaint, dated April 14, 2023 (ECF No. 23) (the "Second Amended Complaint") filed by Plaintiffs Wayne Catalano, Karen Radford, Christy Deringer, Tomoko Nakanishi, Veronica Pereyra, Roberta Sinico, Barbara Speaks, and Edmond Dixon ("Plaintiffs"). Paragraph numbers of the Answer correspond to paragraph numbers of the Second Amended Complaint.

## As to "Nature of the Action"

1. Defendants deny the allegations in Paragraph 1, except admit that Plaintiffs seek a legal remedy based on the allegations they make in the Second Amended Complaint. For the avoidance of doubt, Defendants specifically deny that they have engaged in any deceptive or misleading business practices.

2. Defendants deny the allegations in Paragraph 2.

3.        Defendants deny the allegations in Paragraph 3, except state that they lack sufficient information or knowledge to form a belief as to the truth of the allegations concerning the scientific characterization of the bacteria described in Paragraph 3.

4.        Defendants deny the allegations in Paragraph 4.

5.        Defendants admit products similar to those depicted in Paragraph 5 of this Second Amended Complaint may have been produced by defendant TRU Aseptics, LLC but deny the remaining allegations in Paragraph 5.

6.        Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 6.

7.        Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 7.

8.        Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 8.

9.        Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 9.

10.       To the extent the allegations in Paragraph 10 relate to products produced by Defendants, Defendants deny the allegations in Paragraph 10.

11.       Defendants admit that microbial testing of some samples of their manufactured beverage supplement products revealed the presence of *Cronobacter sakazakii*, and that they thereafter initiated a voluntary recall of products produced by TRU Aseptics, LLC. Defendants deny the remaining allegations in Paragraph 11.

12.     Defendants admit that independent testing revealed the presence of *Cronobacter sakazakii* in some of the samples of products. Defendants deny the remaining allegations in Paragraph 12.

13.     Defendants admit Products manufactured by TRU Aseptics, LLC contained labels prepared by its customers, but deny the remaining allegations in Paragraph 13.

14.     Defendants admit Products manufactured by TRU Aseptics, LLC contained labels prepared by its customers, but deny the remaining allegations in Paragraph 14.

15.     Defendants admit Products manufactured by TRU Aseptics, LLC contained labels prepared by its customers, admit that *Cronobacter sakazakii* and/or *Clostridium botulinum* do not appear on its Products' packaging or labeling, but deny the remaining allegations in Paragraph 15.

16.     Defendants deny the allegations in Paragraph 16.

17.     Defendants deny the allegations in Paragraph 17.

18.     Defendants deny the allegations in Paragraph 18.

19.     Defendants deny the allegations in Paragraph 19.

20.     Defendants deny the allegations in Paragraph 20.

21.     Defendants deny the allegations in Paragraph 21.

22.     Defendants admit that Plaintiffs' Second Amended Complaint makes claims against Defendants on behalf of individual Plaintiffs and purported class members, state that the contents of the pleading speaks for itself, and respectfully refer the Court to that document for a complete and accurate statement of its contents. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 22.

## As to "Factual Background"

23. Defendants admit that TRU Aseptics, LLC manufactured certain beverage Products which are then sold by its customers for consumption by consumers, but deny the remaining allegations in Paragraph 23.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24.

25. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25.

26. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26.

27. Defendants admit that the packaging on products manufactured by TRU Aseptics, LLC does not address *Cronobacter sakazakii* and/or *Clostridium botulinum*. Defendants deny the remaining allegations in Paragraph 27.

28. Defendants deny that all Products produced by TRU Aseptics, LLC contain *Cronobacter sakazakii* and/or *Clostridium botulinum*. Defendants admit that there was a risk that some Products may have contained *Cronobacter sakazakii*. Defendants deny the remaining allegations in Paragraph 28.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29.

30. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30.

31. Defendants admit that microbial testing of samples of their manufactured nutritional beverage supplement Products revealed the presence of *Cronobacter sakazakii* in some

samples, and that Defendants thereafter initiated a voluntary recall of Products manufactured by TRU Aseptics, LLC, but denies the remaining allegations in Paragraph 31.

32.     Defendants admit that independent testing of some samples of Product manufactured by TRU Aseptics, LLC revealed the presence of *Cronobacter sakazakii* in some samples tested, but denies the remaining allegations in Paragraph 32.

33.     Defendants admit they have been in the business of producing, manufacturing, selling, and distributing nutritional beverage products, but denies the remaining allegations in Paragraph 33.

34.     Defendants admit they know the ingredients and raw materials used in their products and manufacturing processes, but deny the remaining allegations in Paragraph 34.

35.     Defendants admit they possess knowledge regarding risks involved in the production and manufacturing of their products. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 35.

36.     Paragraph 36 states a legal conclusion to which no response is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 36.

37.     Defendants deny the allegations in Paragraph 37.

38.     Defendants deny the allegations in Paragraph 38.

39.     Defendants deny the allegations in Paragraph 39.

40.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.

42.     Defendants deny making deceptive representations and omissions material or otherwise. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42.

43.     Defendants deny making misleading representations and omissions. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants deny the allegations in Paragraph 45.

46.     Defendants deny the allegations in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47.

48.     Defendants admit that consumers paid for products manufactured by TRU Aseptics, LLC that did not contain *Cronobacter sakazakii* and/or *Clostridium botulinum*. Defendants deny the remaining allegations in Paragraph 48.

49.     Defendants admit consumers paid money for products manufactured by TRU Aseptics, LLC, but Defendants deny the remaining allegations in Paragraph 49.

50.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50.

**As to "Jurisdiction and Venue"**

51.     Defendants deny this matter is subject to certification as a class action, but lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51.

52.     Defendants admit the allegations in Paragraph 52.

53.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53.

**As to "Parties"**

54.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56.

57.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57.

58.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58.

59.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59.

60.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60.

61.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61.

62.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62.

63.     Defendant Lyons Magnus, LLC admits that it is a California limited liability company with its principal place of business in California, but denies the remaining allegations in Paragraph 63.

64.     Defendant TRU Aseptics, LLC admits that it is a Wisconsin limited liability company with its principal place of business in Beloit, Wisconsin and that it manufactured products in Wisconsin that were sold by its customers to consumers in states other than Wisconsin. Defendants deny the remaining allegations in Paragraph 64.

65.     Defendants admit that TRU Aseptics, LLC manufactured Products that its customers sold in states other than Wisconsin, but deny that they created and/or authorized any false, misleading, or deceptive advertisements, packaging, or labels. Defendants deny the remaining allegations in Paragraph 65.

**As to "Class Allegations"**

66.     Defendants admit that Plaintiffs' Second Amended Complaint makes claims against Defendants on behalf of individual Plaintiffs and purported class members, assert that the contents of the pleading speaks for itself, and respectfully refer the Court to that document for a complete and accurate statement of its contents. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 66.

67.     Defendants state that Plaintiffs' Second Amended Complaint speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants admit that consumers in the United States purchased Products manufactured by TRU Aseptics, LLC, but deny that Plaintiffs' Second Amended Complaint is suitable for certification as a Class Action.

68.     Defendants state that Plaintiffs' Second Amended Complaint speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants admit that consumers in the United States purchased Products manufactured by TRU Aseptics, LLC , but deny that Plaintiff's Second Amended Complaint is

suitable for certification as a Class Action and further deny that each and every subclass named in Paragraph 68 is suitable for class certification.

69.     Paragraph 69 states a legal conclusion to which no response is required. To the extent a response is otherwise required, should any Class ever be certified, Defendants admit that the individuals and entities specified in Paragraph 69 should be excluded from any such Class.

70.     Defendants state that Plaintiffs' Second Amended Complaint speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants further state that Paragraph 70 contains no allegations against Defendants.

71.     Defendants deny the allegations in Paragraph 71.

72.     Defendants deny the numerosity allegations in Paragraph 72.

73.     Defendants deny the commonality allegations in Paragraph 73 and all of its subparts.

74.     Defendants deny the typicality allegations in Paragraph 74.

75.     Defendants deny the adequacy allegations in Paragraph 75.

76.     Defendants deny the predominance allegations in Paragraph 76.

77.     Defendants deny the superiority allegations in Paragraph 77.

78.     Defendants deny the allegations in Paragraph 78 and all of its subparts.

79.     Defendants deny this case is suitable for class certification, and deny the remaining allegations in Paragraph 79.

**As to First Cause of Action:  "Violation of New York GBL Section 349"**

80.     In response to Paragraph 80 of the Second Amended Complaint, Defendants incorporate by reference each and every response contained in Paragraphs 1-79 above as if fully set forth herein.

81.     Defendants admit that Plaintiffs quote a fragment of New York General Business Law Section 349.  Defendants deny any liability under that law.

82.     Paragraph 82 states a legal conclusion to which no response is required and contains no allegations against Defendants, but to the extent a response is otherwise required, Defendants deny the allegations in Paragraph 82.

83.     Paragraph 83 states a legal conclusion to which no response is required, but to the extent a response is otherwise required, Defendants deny the allegations in Paragraph 83.

84.     Defendants deny the allegations in Paragraph 84.

85.     Defendants deny the allegations in Paragraph 85.

86.     Defendants deny the allegations in Paragraph 86.

87.     Defendants deny the allegations in Paragraph 87.

88.     Defendants deny the allegations in Paragraph 88.

89.     Defendants deny the allegations in Paragraph 89.

**As to Second Cause of Action:  "Violation of New York GBL Section 350"**

90.     In response to Paragraph 90 of the Second Amended Complaint, Defendants incorporate by reference each and every response contained in Paragraphs 1-89 above as if fully set forth herein.

91.     Defendants admit that Plaintiffs quote a fragment of New York General Business Law Section 350.

92.     Defendants admit that Plaintiffs' quote a fragment of New York General Business Law Section 350(a)(1).

93.     Defendants deny the allegations in Paragraph 93.

94.     Defendants deny the allegations in Paragraph 94.

95. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 95.

96. Defendants deny the allegations in Paragraph 96.

97. Defendants deny the allegations in Paragraph 97.

98. Defendants deny the allegations in Paragraph 98.

99. Defendants deny the allegations in Paragraph 99.

100. Defendants deny the allegations in Paragraph 100.

**As to Third Cause of Action: "Breach of Express Warranty"**

101. In response to Paragraph 101 of the Second Amended Complaint, Defendants incorporate by reference each and every response contained in Paragraphs 1-100 above as if fully set forth herein.

102. Defendants admit Products manufactured by TRU Aseptics, LLC contained labels provided by its customers, but deny that they provided Plaintiffs and potential Class Members with any express warranty, including in the form of written affirmations of fact promising and representing that the products are safe for use and do not contain *Cronobacter sakazakii* and/or *Clostridium botulinum*.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.

105. Defendants deny the allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

107. Defendants deny the allegations in Paragraph 107.

108. Defendants admit labels on products produced by TRU Aseptics, LLC were not changed, but deny the remaining allegations in Paragraph 108.

109. Defendants deny the allegations in Paragraph 109.

110. Defendants deny the allegations in Paragraph 110.

**As to Fourth Cause of Action: "Unjust Enrichment"**

111. Defendants admit that customers who purchased Products manufactured by TRU Aseptics, LLC conferred a benefit on TRU Aseptics, LLC.

112. Defendants admit that TRU Aseptics, LLC has knowledge of the benefits it received from customers who purchased Products manufactured by TRU Aseptics, LLC.

113. Defendants deny the allegations in Paragraph 113.

114. Defendants deny the allegations in Paragraph 114.

**As to Fifth Cause of Action: "Negligent Misrepresentation"**

115. In response to Paragraph 115 of the Second Amended Complaint, Defendants incorporate by reference each and every response contained in Paragraphs 1-114 above as if fully set forth herein.

116. Defendants deny the allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117.

118. Defendants deny the allegations in Paragraph 118.

119. Defendants admit they possess superior knowledge regarding the risks involved in the production and manufacturing of their Products. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 119.

120. Paragraph 120 states a legal conclusions to which no response is required. To the extent a response is otherwise required, Defendants admit they generally have a legal duty to comply with certain laws that govern manufacturing of the products produced by TRU Aseptics, LLC. Defendants deny that they have breached any such duty.

121.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 121.

122.     Defendants deny they made any misrepresentations or omissions, and further deny the remaining allegations in Paragraph 122.

123.     Defendants deny they made any misrepresentations or omissions, and further deny the remaining allegations in Paragraph 123.

**As to Sixth Cause of Action:  "Breach of Implied Warranty"**

124.     In response to Paragraph 124 of the Second Amended Complaint, Defendants incorporate by reference each and every response contained in Paragraphs 1-123 above as if fully set forth herein.

125.     Defendants admit that TRU Aseptics, LLC received benefits from customers who purchased their Products, but denies the remaining allegations in Paragraph 125.

126.     Defendants deny the allegations in Paragraph 126.

127.     Defendants deny the allegations in Paragraph 127.

128.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 128.

129.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 129.

130.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 130.

131.     Defendants deny Products produced by TRU Aseptics, LLC were not adequately labeled, and further deny the allegations in Paragraph 131.

132.     Defendants deny the allegations in Paragraph 132.

133.     Paragraph 133 states legal conclusions to which no response is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 133.

134.     Paragraph 134 states legal conclusions to which no response is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 134.

135.     Defendants deny the allegations in Paragraph 135.

136.     Defendants deny the allegations in Paragraph 136.

**As to Seventh Cause of Action: "Violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. Section 501.201-213"**

137.     In response to Paragraph 137 of the Second Amended Complaint, Defendants incorporate by reference each and every response contained in Paragraphs 1-136 above as if fully set forth herein.

138.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 138.

139.     Defendants state that the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

140.     Defendants admit that Plaintiffs quote a portion of FDUPTA Section 501.202 and respectfully refer the Court to that document for a complete and accurate statement of its contents.

141.     Defendants deny the allegations in Paragraph 141.

142.     Defendants deny the allegations in Paragraph 142.

143.     Defendants state that the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

144. Defendants state that the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

145. Defendants state that the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

146. Defendants state that the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

147. Defendants state that the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

148. Paragraph 148 states legal conclusions to which no response is required. To the extent a response is otherwise required, Defendants admit TRU Aseptics, LLC manufactured, sold, and distributed products, but deny the remaining allegations in Paragraph 148.

149. Defendants deny the allegations in Paragraph 149.

150. Defendants deny the allegations in Paragraph 150.

151. Defendants state that Plaintiffs' Second Amended Complaint speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants deny that any injunctive relief is necessary, and further deny the remaining allegations in Paragraph 151.

152. Defendants state that Plaintiffs' Second Amended Complaint speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of

its contents. Defendants deny they engaged in any fraudulent, unfair, or unlawful competition, and further deny the remaining allegations in Paragraph 152.

153.     Defendants deny they violated any Florida statutes, and further deny the remaining allegations in Paragraph 153.

**As to Eighth Cause of Action: "Fraudulent Misrepresentation"**

154.     In response to Paragraph 154 of the Second Amended Complaint, Defendants incorporate by reference each and every response contained in Paragraphs 1-153 above as if fully set forth herein.

155.     Defendants admit Products manufactured by TRU Aseptics, LLC contained labels supplied by its customers, but deny Defendants made any express warranties, and further deny the remaining allegations in Paragraph 155.

156.     Defendants deny the allegations in Paragraph 156.

157.     Defendants deny the allegations in Paragraph 157.

158.     Defendants admit Products manufactured by TRU Aseptics, LLC contained labels supplied by its customers, but deny Defendants made any false representations, and further deny the remaining allegations in Paragraph 158.

159.     Defendant deny the allegations in Paragraph 159.

160.     Defendants state that Plaintiffs' Second Amended Complaint speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants deny Plaintiffs are entitled to any relief.

**As to Ninth Cause of Action:  "Fraudulent Omission"**

161.     In response to Paragraph 161 of the Second Amended Complaint, Defendants incorporate by reference each and every response contained in Paragraphs 1-160 above as if fully set forth herein.

162.     Paragraph 162 states legal conclusions to which no response is required. To the extent a response is otherwise required, Defendants deny they made any misrepresentations or omissions, and further deny the remaining allegations in Paragraph 162.

163.     Paragraph 163 states legal conclusions to which no response is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 163 and each of its subparts.

164.     Defendants deny concealing or failing to disclose any facts to Plaintiffs and/or the putative Class and further denies the remaining allegations in Paragraph 164.

165.     Defendants deny the allegations in Paragraph 165.

166.     Defendants deny the allegations in Paragraph 166.

167.     Defendants state that Plaintiffs' Second Amended Complaint speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 167, and further deny that Plaintiffs are entitled to any relief.

**As to Tenth Cause of Action:  "Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Illinois Compiled Statutes 505 *et seq.*"**

168.     In response to Paragraph 168 of the Second Amended Complaint, Defendants incorporate by reference each and every response contained in Paragraphs 1-167 above as if fully set forth herein.

169.     Defendants state that the Illinois Business Fraud and Deceptive Business Practice Act speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

170.     Defendants deny they made any false, deceptive, or misleading statements or omissions, and further deny the remaining allegations in Paragraph 170.

171.     Defendants deny the allegations in Paragraph 171.

172.     Defendants deny they made any false, deceptive, or misleading statements or omissions, and further deny the remaining allegations in Paragraph 172.

173.     Defendants deny they made any false, deceptive, or misleading statements or omissions, and further deny the remaining allegations in Paragraph 173.

174.     Defendants deny the allegations in Paragraph 174.

175.     Defendants deny the allegations in Paragraph 175.

176.     Defendants deny the allegations in Paragraph 176.

177.     Defendants deny they sold products containing *Cronobacter sakazakii*, deny they made misrepresentations or omissions, and further deny the remaining allegations in Paragraph 177.

178.     Defendants deny the allegations in Paragraph 178.

179.     Defendants deny the allegations in Paragraph 179.

**As to Eleventh Cause of Action: "Violation of North Carolina N.C. Gen. Statute Section 75-1.1 *et seq.*"**

180.     In response to Paragraph 180 of the Second Amended Complaint, Defendants incorporate by reference each and every response contained in Paragraphs 1-179 above as if fully set forth herein.

181.      Defendants admit that Plaintiffs quote a portion of North Carolina General Statute Section 75-1.1(a).

182.      Defendants deny the allegations in Paragraph 182.

183.      Defendants deny they made any false, deceptive, or misleading statements or omissions, material or otherwise. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 183.

184.      Defendants deny the allegations in Paragraph 184.

185.      Defendants deny that they made any false, deceptive, and misleading statements, either with or without the intent to induce Plaintiffs' reliance on such statements. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 185.

186.      Defendants deny the allegations in Paragraph 186.

187.      Defendants deny the allegations in Paragraph 187.

188.      Defendants deny the allegations in Paragraph 188.

189.      Defendants deny the allegations in Paragraph 189.

190.      Defendants deny the allegations in Paragraph 190.

191.      Defendants deny the allegations in Paragraph 191.

192.      Defendants deny the allegations in Paragraph 192.

## As to "Prayer for Relief"

No response is required to Plaintiffs' prayer for relief because it does not contain any factual allegations supporting a claim for relief. To the extent a response is otherwise required, Defendants deny that Plaintiffs are entitled to any relief.

## DEFENSES

Defendants assert the following defenses and reserve the right to assert additional defenses that they may later discover. By listing a defense below, Defendants do not concede that they have the burden of proof as to all or any portion of that defense.

## FIRST DEFENSE

Plaintiffs' Second Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs lack standing to pursue injunctive or monetary relief or serve as class representatives.

## THIRD DEFENSE

Plaintiffs and the putative class they seek to represent are not entitled to equitable relief as the alleged damages, if any, are fully compensable by monetary relief.

## FOURTH DEFENSE

Plaintiffs' unjust enrichment claims fail due to a lack of substantive relationship between Plaintiffs and Defendants.

## FIFTH DEFENSE

The purported class cannot be certified under Federal Rule of Civil Procedure 23 for failure to meet the typicality, commonality, adequacy, superiority, and predominance requirements for class actions.

## SIXTH DEFENSE

Plaintiffs' breach of warranty claims are barred to the extent there is no privity of contract between the Named Plaintiffs and/or members of the proposed Class and Defendants.

## SEVENTH DEFENSE

Plaintiffs' breach of warranty claims fail in whole or in part due to Plaintiffs' failure to plead the exact terms of the purported warranty.

## EIGHTH DEFENSE

The purported class claims in the Second Amended Complaint are barred because Plaintiffs' definitions of classes and sub-classes are vague, ambiguous, and overly broad.

## NINTH DEFENSE

Plaintiffs' illnesses, if any, were the result of natural health processes and would have occurred irrespective of Defendants' actions or conduct.

## TENTH DEFENSE

Defendants are entitled to setoff against any damages awarded to the Plaintiffs or members of the Proposed Class for any and all payments made by a collateral source.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to mitigate alleged damages or losses.

## TWELFTH DEFENSE

At all material times, Defendants acted with due care and complied with applicable statutory, regulatory, and common law requirements. Accordingly, some or all of Plaintiffs' claims are or may be barred and/or preempted by Defendants' compliance with all applicable federal, state, and local laws and regulations.

## THIRTEENTH DEFENSE

To the extent that Plaintiffs' claims sound in fraud, those claims may be barred in whole or in part due to Plaintiffs' failure to plead fraud with particularity.

## FOURTEENTH DEFENSE

Plaintiffs' statutory claims may be barred in whole or in part by Plaintiffs' failure to provide requisite notice to Defendants.

## FIFTEENTH DEFENSE

Plaintiffs' damages, if any, were the result of unrelated, pre-existing, or subsequent conditions unrelated to Defendants' conduct.

## SIXTEENTH DEFENSE

Plaintiffs' negligent misrepresentation claims are barred by the economic loss rule.

## SEVENTEENTH DEFENSE

Neither Plaintiffs nor any member of the putative class are entitled to punitive damages because of a failure to plead and prove facts sufficient to prove oppression, fraud, malice, or wanton and reckless conduct on part of Defendants.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part due to Plaintiffs' spoliation of the evidence.

**WHEREFORE**, Defendants Lyons Magnus LLC and TRU Aseptics LLC pray that Plaintffs take nothing by their Second Amended Complaint; that the Second Amended Complaint be dismissed with prejudice; that judgment be entered in favor of Defendants on all counts; and that Defendants be awarded their costs and expenses and any such other relief as the Court finds just and proper.

Dated:  April 28, 2023                    Respectfully submitted,

*/s/ Ross A. Wilson*
Ross A. Wilson
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Phone: (513) 977-8200
Fax: (513) 977-8141
Email: ross.wilson@dinsmore.com

*Counsel for Defendants Lyons Magnus, LLC and*
*TRU Aseptics, LLC*